

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04-10389MEL

|  |  |
|---|---|
| JOHN BOUCHER<br>Plaintiff,<br><br>v.<br><br>NORTHEASTERN LOG HOMES, INC.<br>and CONTINENTAL PRODUCTS CO.,<br>Defendants. | )<br>)<br>)<br>)  Civil Action<br>)  No.<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

TO:  The Honorable Chief and Judges
of the United States District Court

Pursuant to 28 U.S.C. § 1441, the Defendant, Northeastern Log Homes, Inc. ("Northeastern"), hereby files this Notice of Removal of this action from the Hampden Superior Court to the United States District Court for the District of Massachusetts. As grounds for this Notice of Removal, Northeastern states the following:

1. The Plaintiff, John Boucher, filed Civil Action No. HDCV2003-01222 in the Hampden Superior Court on December 17, 2003. The Plaintiff filed an Amended Complaint on December 26, 2003. The Plaintiff served the Amended Complaint on Northeastern on January 23, 2004.

2. In accordance with 28 U.S.C. § 1446(b), this Notice is being filed within thirty (30) days of receipt by Northeastern of the initial pleading setting forth the claim for relief upon which the action is based.

3. Pursuant to 28 U.S.C. § 1332, the United States District Court for the District of Massachusetts has original jurisdiction over this matter because:

a. The amount in controversy exceeds $75,000.00 because the Plaintiff claims that it will cost in excess of $200,000 to remedy the alleged damages about which he complains; and

b. Complete diversity of citizenship exists because the Plaintiff is a resident of Weymouth, Massachusetts; Northeastern is a Vermont corporation with a principal place of business in Kenduskeag, Maine; and, upon information and belief, Continental Products Co. is an Ohio corporation with a principal place of business in Euclid, Ohio.

4. Pursuant to 28 U.S.C. §1446, a copy of all process, pleadings and orders served upon St. Laurent is attached hereto.

**WHEREFORE**, Northeastern Log Homes, Inc. prays for removal of this action from the Hampden Superior Court to the United States District Court for the District of Massachusetts.

The Defendant,
**Northeastern Log Homes, Inc.**
By its attorneys,

*/s/ John R. Felice*
Peter G. Hermes (BBO No. 231840)
John R. Felice (BBO No. 644517)
Hermes, Netburn, O'Connor & Spearing, PC
111 Devonshire Street, 8th Floor
Boston, MA 02111-5407
617-728-0050
617-728-0052 (fax)

Dated: 1/30/04

2

## CERTIFICATE OF SERVICE

I hereby certify that on __1/30/04__ the foregoing document was served via first class mail, postage prepaid, on the following counsel of record:

>Alan S. Fanger, Esq.
>144 Gould Street, Suite 140
>Needham, MA 02494

*/s/ John R. Felice*
John R. Felice

G:\DOCS\JRF\CLIENTS\CGU\Northeastern Log Homes\Pleadings\Notice of Removal - Federal.doc

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 03 1222

_____John Boucher_____, PLAINTIFF(S)

Northeastern Log Homes, Inc.
and Continental Products Co.
_____, DEFENDANT(S)

SUMMONS

To the above named defendant: Northeastern Log Homes, Inc.

You are hereby summoned and required to serve upon _____Alan S. Fanger, Esq. 144 Gould St., Needham, MA 02494_____, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___23rd___ day of ___January___ in the year of our Lord two thousand ~~three~~ four.

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

(Left margin: NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.)

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                    SUPERIOR COURT DEPT.
                                                C.A.  03 1222

| | |
|---|---|
| JOHN BOUCHER, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * |
| NORTHEASTERN LOG HOMES, INC. | * |
| and CONTINENTAL PRODUCTS CO., | * |
| | * |
| Defendants | * |
| | * |

## AMENDED COMPLAINT AND JURY DEMAND

1. The Plaintiff, John Boucher ("Boucher"), is an individual residing in Weymouth, Massachusetts.

2. Defendant Northeastern Log Homes, Inc ("Northeastern")., is, upon information and belief, a corporation organized under the laws of the State of Maine, with principal place of business in Kenduskeag, Maine. Northeastern has a place of business in Westfield, Hampden County, Massachusetts.

3. Defendant Continental Products Co. ("Continental") is, upon information and belief, a corporation organized under the laws of the State of Ohio, with principal place of business in Euclid, Ohio.

4. Both Northeastern and Continental regularly market and sell their products to consumers and businesses in Massachusetts, thereby conferring personal jurisdiction of this court on both defendants.

5. In or about July, 1999, Boucher purchased from Northeastern certain materials, including logs, necessary to construct a retirement home in Wakefield, New Hampshire.

6. In or about September, 1999, Northeastern shipped the above materials to the home site.

7. Construction of the home was completed near the end of 2000.

8. In the spring of 2001, Boucher noticed discoloration around the windows, white blotches on the kitchen walls and brown stains throughout the house.

9. In the spring of 2002, Boucher noticed that the defects set forth in Paragraph 8 had become more pronounced.

10. As the problems worsened, Boucher contacted Northeastern and alerted it to the above defects. Subsequent thereto representatives of Northeastern inspected the home and as a result thereof gave Boucher assurances that the above defects would be remedied at Northeastern's sole expense.

11. To date Northeastern has failed and refused to remedy the numerous defects in the home, which Boucher brought to its attention in a seasonable manner.

12. Prior to construction of the subject home, Northeastern caused the logs for the home to be bathed in a preservative.

13. The preservative was insufficient to keep the logs preserved in their condition as of delivery to the site.

14. After the logs were delivered to the site, the finish contractor, Scott Bond, applied to the logs a water-based sanding sealer, then a finish sealer, both of which were manufactured by Continental.

15. The walls, beams and window sills of the home continue to further discolor, thereby destroying the aesthetics of the home and dramatically reducing the enjoyment and value thereof.

## COUNT ONE: Breach of Implied Warranty
### (v. Northeastern and Continental)

16. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 15 above as if they were fully set forth herein.

17. There existed with respect to both the materials supplied by Northeastern (and applied thereto by the Boucher's contractor) and the finish supplied by Continental, an implied warranty that such materials were of merchantable quality and fit for their particular purposes.

18. The discoloration and staining as described above constitute breaches of these implied warranties, for which Northeastern and Continental are both liable to Boucher.

### COUNT TWO: Breach of Express Warranty
### (v. Northeastern)

19. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 18 above as if they were fully set forth herein.

20. In its sales and marketing materials, Northeastern expressly warranted that the materials it supplied for the construction of Boucher's home would of "sufficient quality".

21. The failure of the subject materials constitutes a breach of express warranty.

### COUNT THREE: Negligence
### (v. Northeastern)

22. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 18 above as if they were fully set forth herein.

23. Northeastern negligently and carelessly manufactured and/or applied its preservative to the materials used to construct Boucher's home.

24. As a direct and proximate result of such negligence, Boucher has sustained economic loss.

### COUNT FOUR: Negligence
### (v. Continental)

25. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 24 above as if they were fully set forth herein.

26. Continental negligently and carelessly manufactured the finish that was applied to the materials used to construct Boucher's home.

27. As a direct and proximate result of such negligence, Boucher has sustained economic loss.

## COUNT FIVE: Unfair Trade Practices
### (v. Northeastern)

28. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 27 above as if they were fully set forth herein.

29. Northeastern is engaged in "trade or commerce" as that phrase is defined in G.L. 93A.

30. On several occasions following their inspection of Boucher's home, representatives of Northeastern assured Boucher in telephone conversations between Northeastern and Boucher (while Boucher was at his offices in Quincy and Weymouth, Massachusetts) that it would remedy the defects in Boucher's New Hampshire home, for which it acknowledged responsibility.

31. Northeastern failed and refused to remedy the defects, despite acknowledging an obligation to do so.

32. Such failure and refusal constitutes an unfair and deceptive practice, violative of Chapter 93A.

33. As a result thereof, Boucher has sustained economic loss.

WHEREFORE, Boucher requests the following relief:

1. That judgment enter in his favor on Counts One through Four of the complaint, in an amount to be determined at trial, together with costs and pre-judgment interest; and

2. That judgment enter in his favor on Count Five of the Complaint, in an amount to be determined at trial, together with costs and pre-judgment interest and reasonable attorney's fees; and

3. That the court grant such other and further relief as it may deem just and proper.

**BOUCHER DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____
Alan S. Fanger, Esq.
144 Gould Street, Suite 140
Needham, MA 02494
(781) 449-8230
BBO No. 549692