Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2003-01222
### Boucher v Northeastern Log Homes Inc et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 12/17/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 02/03/2004 | Session | A - Civil A - CtRm 6 | | |
| Origin | 1 | Case Type | B04 - Other negligence/pers injury/pro | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/16/2004 | Answer | 05/15/2004 | Rule12/19/20 | 05/15/2004 |
| Rule 15 | 05/15/2004 | Discovery | 10/12/2004 | Rule 56 | 11/11/2004 |
| Final PTC | 12/11/2004 | Disposition | 02/09/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
John Boucher
Active 12/17/2003

**Private Counsel 549692**
Alan S Fanger
144 Gould Street
Suite 140
Needham Heights, MA 02494
Phone: 781-449-8230
Fax: 781-449-7897
Active 12/17/2003 Notify

**Defendant**
Northeastern Log Homes Inc
Service pending 12/17/2003

**Private Counsel 231840**
Peter G Hermes
Hermes Netburn O'Connor & Sommerville
111 Devonshire Street
8th floor
Boston, MA 02109-5407
Phone: 617-728-0050
Fax: 617-728-0052
Active 02/03/2004 Notify

**Private Counsel 644517**
John R Felice
Hermes Netburn O'Connor & Sommerville
111 Devonshire Street
8th floor
Boston, MA 02109-5407
Phone: 617-728-0050
Fax: 617-728-0052
Active 02/03/2004 Notify

**Defendant**
Contintental Products Co
Service pending 12/17/2003

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/17/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 12/17/2003 | | Origin 1, Type B04, Track F. |

MAS-20030312
dunhamti

02/03/2004
12:10 PM

## Commonwealth of Massachusetts
### HAMPDEN SUPERIOR COURT
### Case Summary
### Civil Docket

### HDCV2003-01222
### Boucher v Northeastern Log Homes Inc et al

| Date | Paper | Text |
|---|---|---|
| 12/22/2003 | | Pleading, replacement first page of complaint, returned to Alan S Fanger, Esq.: an entire amended complaint must be filed with corrections. |
| 12/26/2003 | 2.0 | Amended complaint of John Boucher |
| 02/03/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**



A TRUE COPY OF THE DOCKET MINUTES: IN WITNESS WHEREOF, I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on this fourth day of February

_Ying M _____
Deputy Asst. Clerk

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: _____ | Docket Number 03 1222 |
|---|---|---|

PLAINTIFF(S) John Boucher

DEFENDANT(S) Northeastern Log Homes, Inc. and Continental Products Co.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Alan S. Fanger, 144 Gould St., Needham, MA 02494
Board of Bar Overseers number: 549692   781.449.8230

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s. 104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B04   TYPE OF ACTION (specify) Negligence/Property damage   TRACK (F)   IS THIS A JURY CASE? (X) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................... $............
  2. Total Doctor expenses ...................................... $............
  3. Total chiropractic expenses ............................... $............
  4. Total physical therapy expenses ......................... $............
  5. Total other expenses (describe) .......................... $............
     Subtotal $............
B. Documented lost wages and compensation to date ........ $............
C. Documented property damages to date ........................ $204,425
D. Reasonably anticipated future medical and hospital expenses $............
E. Reasonably anticipated lost wages .............................. $............
F. Other documented items of damages (describe) $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff's damages consist of cost of stripping/replacing and refinishing walls, sills and other components of Plaintiff's retirement home

$............
TOTAL: $............

(Stamp: HAMPDEN COUNTY SUPERIOR COURT FILED DEC 17 2003 CLERK-MAGISTRATE)

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____   DATE: 12/17/03

A.O.S.C. 2003

Attest: Jena M. Duke, Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.	SUPERIOR COURT DEPT.
C.A. 03 1222

|  |  |
|---|---|
| JOHN BOUCHER, | * |
| Plaintiff | * |
| v. | * |
| NORTHEASTERN LOG HOMES, INC. and CONTINTENTAL PRODUCTS CO., | * |
| Defendants | * |

HAMPDEN SUPERIOR COUNTY FILED COURT
DEC 17 2003
CLERK-MAGISTRATE

## COMPLAINT AND JURY DEMAND

1. The Plaintiff, John Boucher ("Boucher"), is an individual residing in Weymouth, Massachusetts.

2. Defendant Northeastern Log Homes, Inc ("Northeastern"), is, upon information and belief, a corporation organized under the laws of the State of Maine, with principal place of business in Kenduskeag, Maine. Northeastern has a place of business in Westfield, Hampden County, Massachusetts.

3. Defendant Continental Products Co. ("Continental") is, upon information and belief, a corporation organized under the laws of the State of Ohio, with principal place of business in Euclid, Ohio.

4. Both Northeastern and Continental regularly market and sell their products to consumers and businesses in Massachusetts, thereby conferring personal jurisdiction of this court on both defendants.

5. In or about July, 1999, Boucher purchased from Northeastern certain materials, including logs, necessary to construct a retirement home in Wakefield, New Hampshire.

No. of Plffs. one
Fee Paid - $ 240.00  Cash-Check
Surcharge Paid - $ 15.00  Cash-Check
Security Fee - Paid - $ 20.00  Cash-Check
Received by

6. In or about September, 1999, Northeastern shipped the above materials to the home site.

7. Construction of the home was completed near the end of 2000.

8. In the spring of 2001, Boucher noticed discoloration around the windows, white blotches on the kitchen walls and brown stains throughout the house.

9. In the spring of 2002, Boucher noticed that the defects set forth in Paragraph 8 had become more pronounced.

10. As the problems worsened, Boucher contacted Northeastern and alerted it to the above defects. Subsequent thereto representatives of Northeastern inspected the home and as a result thereof gave Boucher assurances that the above defects would be remedied at Northeastern's sole expense.

11. To date Northeastern has failed and refused to remedy the numerous defects in the home, which Boucher brought to its attention in a seasonable manner.

12. Prior to construction of the subject home, Northeastern caused the logs for the home to be bathed in a preservative.

13. The preservative was insufficient to keep the logs preserved in their condition as of delivery to the site.

14. After the logs were delivered to the site, the finish contractor, Scott Bond, applied to the logs a water-based sanding sealer, then a finish sealer, both of which were manufactured by Continental.

15. The walls, beams and window sills of the home continue to further discolor, thereby destroying the aesthetics of the home and dramatically reducing the enjoyment and value thereof.

## COUNT ONE: Breach of Implied Warranty
## (v. Northeastern and Continental)

16. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 15 above as if they were fully set forth herein.

17. There existed with respect to both the materials supplied by Northeastern (and applied thereto by the Boucher's contractor) and the finish supplied by Continental, an implied warranty that such materials were of merchantable quality and fit for their particular purposes.

18. The discoloration and staining as described above constitute breaches of these implied warranties, for which Northeastern and Continental are both liable to Boucher.

### COUNT TWO: Breach of Express Warranty
### (v. Northeastern)

19. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 18 above as if they were fully set forth herein.

20. In its sales and marketing materials, Northeastern expressly warranted that the materials it supplied for the construction of Boucher's home would of "sufficient quality".

21. The failure of the subject materials constitutes a breach of express warranty.

### COUNT THREE: Negligence
### (v. Northeastern)

22. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 18 above as if they were fully set forth herein.

23. Northeastern negligently and carelessly manufactured and/or applied its preservative to the materials used to construct Boucher's home.

24. As a direct and proximate result of such negligence, Boucher has sustained economic loss.

### COUNT FOUR: Negligence
### (v. Continental)

25. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 24 above as if they were fully set forth herein.

26. Continental negligently and carelessly manufactured the finish that was applied to the materials used to construct Boucher's home.

27. As a direct and proximate result of such negligence, Boucher has sustained economic loss.

## COUNT FIVE: Unfair Trade Practices
### (v. Northeastern)

28. Boucher realleges and reincorporates by reference the allegations in Paragraphs 1 through 27 above as if they were fully set forth herein.

29. Northeastern is engaged in "trade or commerce" as that phrase is defined in G.L. 93A.

30. On several occasions following their inspection of Boucher's home, representatives of Northeastern assured Boucher in telephone conversations between Northeastern and Boucher (while Boucher was at his offices in Quincy and Weymouth, Massachusetts) that it would remedy the defects in Boucher's New Hampshire home, for which it acknowledged responsibility.

31. Northeastern failed and refused to remedy the defects, despite acknowledging an obligation to do so.

32. Such failure and refusal constitutes an unfair and deceptive practice, violative of Chapter 93A.

33. As a result thereof, Boucher has sustained economic loss.

WHEREFORE, Boucher requests the following relief:

1. That judgment enter in his favor on Counts One through Four of the complaint, in an amount to be determined at trial, together with costs and pre-judgment interest; and

2. That judgment enter in his favor on Count Five of the Complaint, in an amount to be determined at trial, together with costs and pre-judgment interest and reasonable attorney's fees; and

3. That the court grant such other and further relief as it may deem just and proper.

**BOUCHER DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____
Alan S. Fanger, Esq.
144 Gould Street, Suite 140
Needham, MA 02494
(781) 449-8230
BBO No.549692

A true copy.
Attest: _____
Deputy Assistant Clerk