UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOUCHER,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL PRODUCTS CO. and<br>NORTHEASTERN LOG HOMES, INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-10389MEL |

### ANSWER, AFFIRMATIVE DEFENSES, CLAIM FOR TRIAL BY JURY, AND CROSS-CLAIM OF DEFENDANT, NORTHEASTERN LOG HOMES, INC.

Pursuant to Rules 12 of the Federal Rules of Civil Procedure, the Defendant, Northeastern Log Homes, Inc. (hereinafter referred to as "Northeastern"), hereby answers the Amended Complaint as follows:

1. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Northeastern denies that it is a corporation organized under the laws of the State of Maine. Northeastern admits that it has a principal place of business in Kenduskeag, Maine and that it maintains a place of business in Westfield, Massachusetts.

3. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Amended Complaint as they relate to Continental. Northeastern admits the remaining allegations contained in Paragraph 4.

1

5. Northeastern admits that on or about July 26, 1999 the Plaintiff purchased a log home kit from Northeastern and that said kit included a floor system, walls and gables, interior partitions, ceilings, a roof system, and windows and doors.

6. Northeastern admits the allegations contained in Paragraph 6 of the Amended Complaint.

7. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10. Northeastern admits that the Plaintiff provided notice of the alleged discoloration of the wood in his home in or about April, 2001 and that Northeastern traveled to the Plaintiff's home in New Hampshire no less than four (4) times between April, 2001 and April, 2003 for the purpose of observing the alleged defects. Northeastern denies the remaining allegations, characterizations and conclusions contained in Paragraph 10 of the Amended Complaint.

11. Northeastern admits that it has not remedied the alleged defects in the Plaintiff's home and by way of further answering Northeastern denies that it has any obligation to remedy the alleged defects.

12. Northeastern admits that the exterior log siding, timber trusses, purlins and beamed ceiling joists were dipped in a preservative called NeXgen prior to being shipped to the Plaintiff. Northeastern denies the remaining allegations, characterizations and conclusions contained in Paragraph 12 of the Amended Complaint.

13. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 13 of the Amended Complaint.

14. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

## COUNT I

16. Northeastern incorporates herein by reference its answers to Paragraphs 1 through 15 of the Amended Complaint.

17. Paragraph 17 calls for a legal conclusion to which no response is required. To the extent Paragraph 17 contains factual allegations, Northeastern denies each such allegation.

18. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint as they relate to Continental. Northeastern denies the remaining allegations, characterizations and conclusions contained in Paragraph 18 of the Amended Complaint.

## COUNT II

19. Northeastern incorporates herein by reference its answers to Paragraphs 1 through 18 of the Amended Complaint.

20. Northeastern admits the allegations contained in Paragraph 20 of the Amended Complaint.

21. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 21 of the Amended Complaint.

## COUNT III

22. Northeastern incorporates herein by reference its answers to Paragraphs 1 through 21 of the Amended Complaint.

23. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 23 of the Amended Complaint.

24. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 24 of the Amended Complaint.

## COUNT IV

25. Northeastern incorporates herein by reference its answers to Paragraphs 1 through 24 of the Amended Complaint.

26. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27. Northeastern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

## COUNT V

28. Northeastern incorporates herein by reference its answers to Paragraphs 1 through 27 of the Amended Complaint.

29. Northeastern admits the allegations contained in Paragraph 29 of the Amended Complaint.

30. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 30 of the Amended Complaint.

31. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 31 of the Amended Complaint.

32. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 32 of the Amended Complaint.

33. Northeastern denies the allegations, characterizations and conclusions contained in Paragraph 33 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed because venue is improper.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Court lacks subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Plaintiff failed to join an indispensable party.

### FOURTH AFFIRMATIVE DEFENSE

Northeastern states that the damages alleged by the Plaintiff were not proximately caused by the negligence or other act or failure to act by Northeastern.

### FIFTH AFFIRMATIVE DEFENSE

Northeastern states that the damages alleged by the Plaintiff were not caused by the acts of any person for whose conduct Northeastern was legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

Northeastern states that the damages alleged by the Plaintiff were caused by a superceding, intervening cause for which Northeastern cannot be held responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Northeastern states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and that, therefore, the Plaintiff is barred from recovery against Northeastern.

### EIGHTH AFFIRMATIVE DEFENSE

Northeastern states that to the extent it had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

### NINTH AFFIRMATIVE DEFENSE

Northeastern states that the materials it manufactured were reasonably fit for their intended purpose and, therefore, the Plaintiff is barred from recovery against Northeastern.

### TENTH AFFIRMATIVE DEFENSE

Northeastern states that the materials it manufactured conformed to the state of the art when they were sold and, therefore, the Plaintiff is barred from recovery against Northeastern.

### ELEVENTH AFFIRMATIVE DEFENSE

Northeastern states that the materials is manufactured performed their intended function and, therefore, the Plaintiff is barred from recovery against Northeastern.

### TWELFTH AFFIRMATIVE DEFENSE

Northeastern states that, based upon the learned intermediary doctrine, it did not have a duty to warn the Plaintiff with respect to the stains and other finish materials applied to the Plaintiff's home and, therefore, the Plaintiff is barred from recovery against Northeastern.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery under Chapters 93A because Northeastern's actions were permitted by Massachusetts General Laws.

### FOURTEENTH AFFIRMATIVE DEFENSE

Northeastern reserves the right to supplement the foregoing Affirmative Defenses to the extent allowed by law and to the extent that additional defenses are revealed during discovery.

### CROSS-CLAIM AGAINST CONTINENTAL PRODUCTS CO.

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Northeastern hereby asserts a cross-claim against the Defendant, Continental Products Co., for contribution and indemnity.

### Count I
### (Indemnification)

1. Northeastern is without fault because it did not cause or contribute to cause the damage about which Boucher complains.

2. To the extent Boucher has suffered any loss, such loss resulted from the materials sold and/or supplied by Continental.

3. If Northeastern is found liable, said liability being specifically denied, then Northeastern is entitled to indemnification where it is vicariously liable solely as a result of the actual negligence of Continental.

### Count II
### (Contribution)

4. Northeastern denies that it caused or contributed to cause Boucher's alleged damages.

5. To the extent Boucher has suffered any loss, such loss resulted from the materials sold and/or supplied by Continental.

6. If Northeastern is found liable, said liability being specifically denied, then Continental is jointly liable in contribution pursuant to Mass. Gen. Laws ch. 231B for its pro rata share of liability to Boucher.

**WHEREFORE**, the Defendant, Northeastern Log Homes, Inc. requests that this Court take the following action:

1. Enter an Order dismissing the Plaintiff's Amended Complaint against Northeastern; or, in the alternative,

2. Enter judgment in favor of Northeastern on its Cross-Claim against Continental Products Co.; and

3. Grant such further relief as the Court deems just and appropriate.

### JURY DEMAND

Northeastern demands a trial by jury as to all issues to which it is so entitled.

> The Defendant,
> **Northeastern Log Homes, Inc.**
> By its attorneys,
>
> _____
> Peter G. Hermes (BBO No. 231840)
> John R. Felice (BBO No. 644517)
> Hermes, Netburn, O'Connor & Spearing, PC
> 111 Devonshire Street, 8th Floor
> Boston, MA 02111-5407
> 617-728-0050
> 617-728-0052 (fax)

Dated: 3/5/04

8

## CERTIFICATE OF SERVICE

I hereby certify that on ⎯⎯3/8/04⎯⎯ the foregoing document was served via first class mail, postage prepaid, on the following counsel of record:

Alan S. Fanger, Esq.
144 Gould Street, Suite 140
Needham, MA 02494

Brian Keane, Esq.
Long & Houlden
200 State Street, 5th Floor
Boston, MA 02109

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
John R. Felice

G:\DOCS\RF\CLIENTS\CGU\Pulse Fitness\Pleadings\Answer.doc

9