UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOUCHER, <br>     Plaintiff, <br><br> v. <br><br> NORTHEASTERN LOG HOMES, INC. <br> and CONTINENTAL PRODUCTS CO., <br>     Defendants. | Civil Action <br> No. 04-10389MEL |

## ASSENTED TO MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), the Defendant, Northeastern Log Homes, Inc. ("Northeastern"), hereby moves to transfer this case to the United Stated District Court for the District of Maine, Portland office.[1] As grounds for this Motion, Northeastern states that (1) the Plaintiff has assented to this Motion; (2) the Plaintiff could have brought this action in Maine; (3) the majority of the witnesses to this action are located in Maine; (4) the majority of the documents relating to this action are located in Maine; and (5) litigating in Massachusetts will necessitate the filing of a second action in Maine against a necessary party over whom the United States District Court for the District of Massachusetts has no jurisdiction.

As further grounds for this Motion, Northeastern states the following:

---

[1] The Plaintiff has assented to this Motion only to the extent the case is transferred to the United States District Court for the District of Maine in Portland. The Plaintiff does not assent to a transfer to the United States District Court for the District of Maine in Bangor.

1. The Plaintiff is a Massachusetts resident who constructed a retirement home in Wakefield, New Hampshire.

2. The Defendant, Northeastern Log Homes, is a Vermont corporation with a principal place of business in Kenduskeag, Maine. On or about July 27, 1999, the Plaintiff purchased a log home kit from Northeastern.

3. The Defendant, Continental Products, is an Ohio corporation which distributes log home stains and finishing materials in Maine. The Plaintiff purchased Continental Products in Maine to apply to his log home in New Hampshire.

4. The Plaintiff instituted this civil action in Massachusetts alleging that Northeastern and Continental supplied defective products which caused discoloration, blotching and staining on the wood throughout his retirement home.

5. 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

6. A plaintiff's choice of forum will be disturbed only rarely. See Champion Exposition Services, inc. v. Hi-Tech Electric, LLC, 273 F. Supp. 2d 172, 180 (D. Mass. 2003), citing Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). In this case, however, the Plaintiff has agreed to transfer this case to the United States District Court for the District of Maine and has assented to this Motion.

7. The decision to transfer a case pursuant to § 1404(a) rests within the sound discretion of the trial court. See Workgroup Technology Corporation v. MGM Grant Hotel, LLC, 246 F. Supp. 2d 102, 116 (D. Mass. 2003).

8. In exercising its discretion, the Court must balance several factors, including the convenience of the parties and witnesses, the availability of documents, and the interests of justice. Of these factors, the convenience of the witnesses is the most important factor. See Workgroup Technology Corporation v. MGM Grant Hotel, LLC, supra at 116. The Court also must consider the possibilities of consolidation and coordination and the interests of justice. See Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991). "Litigation of related claims in the same tribunal is favored to avoid duplicitous litigation, unnecessary expenses, judicial waste, and inconsistent results." Id., citing Cambridge Filter Corp. v. International Filter Corp., 548 F. Supp. 1308, 1310 (D. Nev. 1982).

9. The Continental products were applied to the Plaintiff's log home by an individual named Scott Bond, d/b/a Scott Natural finishes. Mr. Bond is a Maine resident with a principal place of business in Maine. Northeastern contends that the products it supplied to the Plaintiff were of merchantable quality and that the improper application of the Continental products by Scott Bond caused the damages for which the Plaintiff seeks compensation. Upon information and belief, Scott Bond does not conduct business in Massachusetts and he has not otherwise engaged in any conduct which would bring him within the jurisdiction of a Massachusetts court. Northeastern cannot assert a third-party claim against Scott Bond in Massachusetts, but must file a separate action in Maine. Moving this case to Maine, therefore, will avoid the need for duplicitous litigation of related claims and it will conserve judicial resources.

10. Because the Northeastern and Continental products were sold and shipped from Maine, the majority of the documents relating to this action are located in Maine.

11. With the exception of the Plaintiff, none of the key witnesses are located in Massachusetts. The majority of the key witnesses are in Maine. For example, several Northeastern employees have traveled to the Plaintiff's home in Wakefield, New Hampshire to observe the alleged damage. Each of these employees likely will have their depositions taken and will offer testimony at the time of trial. Scott Bond, the individual who applied the finish products to the Plaintiff's home, also is located in Maine. Mr. Bond is a necessary witness and party to this action. Because Continental is located in Ohio, any of its witnesses will have to travel for purposes of discovery and/or trial. Transferring the case to Maine, therefore, will not shift the inconvenience from one party to another. Maine is the more appropriate jurisdiction for any such witness to travel to.

**WHEREFORE**, for the foregoing reasons, Northeastern Log Homes, Inc. respectfully requests that this honorable Court enter an Order pursuant to 28 U.S.C. § 1404(a) transferring this case to the Untied Stated District Court for the District of Maine.

                                        The Defendant,
**Northeastern Log Homes, Inc.**
By its attorneys,

*/s/ John R. Felice*
Peter G. Hermes (BBO No. 231840)
John R. Felice (BBO No. 644517)
Hermes, Netburn, O'Connor & Spearing, PC
111 Devonshire Street, 8th Floor
Boston, MA 02111-5407
617-728-0050
617-728-0052 (fax)

Dated: 4/16/04

ASSENTED TO:

The Plaintiff,
**John Boucher,**
By his attorneys,

ASSENTED TO:

The Defendant,
**Continental Products Co.,**
By its attorneys,

*/s/ Alan S. Fanger /jrf/*
Alan S. Fanger, BBO No. 549692
144 Gould Street, Suite 140
Needham, MA 02494
(781) 449-8230

*/s/ Brian Keane /jrf/*
Brian Keane, BBO No. 656717
Long & Houlden
100 Summer Street, 11th Floor
Boston, MA 02110
(617) 439-4777

### CERTIFICATE OF SERVICE

I hereby certify that on 4/16/04 the foregoing document was served via first class mail, postage prepaid, on the following counsel of record:

Alan S. Fanger, Esq.
144 Gould Street, Suite 140
Needham, MA 02494

Brian Keane, Esq.
Long & Houlden
100 State Street, 11th Floor
Boston, MA 02110

*/s/ John R. Felice*
John R. Felice